REQUESTED BY: Nebraska State Board of Educational Lands Funds
If severance tax proceeds have been erroneously credited to and deposited in the Permanent School Fund which, pursuant to Neb.Rev.Stat. § 57-705 (Supp. 1981), should have been allocated to one, or more, different funds, may the Board of Educational Lands Funds order that such severance tax proceeds so erroneously credited to and deposited in the Permanent School Fund be withdrawn therefrom so that they can be allocated as specified in Neb.Rev.Stat. § 57-705
(Supp. 1981)?
Severance tax proceeds derived from sources other than school lands are not part of the Permanent School Fund and are not subject to control or order of the Nebraska State Board of Educational Lands and Funds.
The primary issue in determining whether the Nebraska State Board of Educational Lands and Funds may order severance tax money paid out of the state's Permanent School Fund is whether that money has lost its identification as general tax funds of the state and assumed the identification of school trust funds.
If the tax funds are school trust funds, they must remain in the Permanent School Fund, subject to control of the Board of Educational Lands and Funds, to be applied only
for school purposes. Nebraska Constitution, Article VII, Sections 6, 7 and 8. However, if the severance tax proceeds remain general tax funds of the State, they remain subject to the control of the Nebraska Legislature. Nebraska Constitution, Article VIII, Nebraska Constitution, ArticleVIII,
Funds which are declared to be perpetual funds for the common schools are set forth by Nebraska Constitution ArticleVII, Section 7, as consisting of:
First. Such percent as has been, or may hereafter be, granted by Congress on the sale of lands in this state.
Second. All money arising from the sale or leasing of sections number sixteen and thirty-six in each township in this state, and the lands selected, or that may be selected, in lieu thereof.
Third. The proceeds of all lands that have been, or may hereafter be, granted to this state, where by the terms and conditions of such grant the same are not to be otherwise appropriated.
Fourth. The net proceeds of lands and other property and effects that may come to this state, by escheat or forfeiture, or from unclaimed dividends, or distributive shares of the estates of deceased persons.
Fifth. All other property of any kind now belonging to the perpetual fund.
It will be noted from a reading of Article VII, Section 7, that, even though tax money is not expressly excluded from the Perpetual School Fund, it is also not expressly declared to be included in that fund as property.
Nevertheless, the Legislature can allocate severance tax money to the Permanent School Fund. Nebraska Constitution, Article VIII, Section 1. As provided in Neb.Rev.Stat. § 57-705 (Supp. 1981), and as relevant here:
 All taxes, levied by the provisions of sections 57-701 to 57-715, shall be paid to the Tax Commissioner. He or she shall pay to the State Treasurer all money so received. All sums of money received, under the provisions of sections 57-701 to 57-715 by the State Treasurer, shall be placed by him or her in a fund to be known as the Severance Tax Fund. An appropriate amount, as determined by the Tax Commissioner, so placed in such fund shall be credited by the State Treasurer, upon the first day of each month, and shall inure to the Severance Tax Administration Fund, to be used for the expenses of administering the provisions of sections 57-701 to 57-715. The balance of the Severance Tax Fund received from school lands shall be credited by the State Treasurer, upon the first day of each month, and shall inure to the Permanent School Fund as established in Article VII, section 7, of the Constitution of Nebraska.
The balance of Severance Tax Fund money received from other than school lands is then applied under § 57-705 to a number of other uses, none of which include the Permanent School Fund.
Clearly, under § 57-705, the Legislature has only intended, and provided for, the inclusion of severance taxes produced from school lands in the Permanent School Fund. The Legislature has not intended, nor provided for, the transfer of any other severance tax money to the Permanent School Fund.
Absent a constitutional mandate requiring severance taxes to be included in the Permanent School Fund, and given the Legislative intent as expressed in § 57-705 regarding allocation of severance tax funds, to the extent that severance tax money is received from other than school lands that money is properly regarded as not constituting part of the Permanent School Fund.
But the general authority of the Board of Educational Lands and Funds is limited under Nebraska Constitution, ArticleVII, Section 7, to the general management of all lands, and funds derived therefrom set apart for educational purposes. Nebraska Constitution, Article VII, Section6; State ex rel. Ebke v. Board of Educational Lands Funds, 159 Neb. 79, 65 N.W.2d 392 (1954); State ex rel.Belker v. Board of Educational Lands Funds, 184 Neb. 621,171 N.W.2d 156 (1969); Opinion of the Attorney General No. 250, April 16, 1982.
Consequently, to the extent that severance tax money is derived from other than school land, or not set apart by the Constitution or Legislature for educational purposes, those funds are not a part of the Permanent School Fund and are not subject to administration by the Board.
Such severance tax funds therefore remain general tax revenue of the State, the proper allocation of which is to be made by the Tax Commissioner as the Legislature has expressly provided in § 57-705.
Very truly yours,
PAUL L. DOUGLAS Attorney General
Frank J. Hutfless Assistant Attorney General
APPROVED:
Paul L. Douglas
Attorney General